IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Darren Holter, | ) | |
| | ) | |
| Petitioner, | ) | Criminal No.  2:05-cr-12 |
| | ) | Civil No.  2:08-cv-100 |
| -vs- | ) | |
| | ) | **ORDER DENYING MOTION TO** |
| United States of America, | ) | **VACATE UNDER 18 U.S.C. § 2255** |
| | ) | |
| Respondent. | ) | |

Before the Court is Darren Holter's Motion to vacate a criminal judgment under 18 U.S.C. § 2255. (Doc. # 25).

## I. FACTUAL BACKGROUND

On May 3, 2005, Darren Holter appeared before the Court on a charge of being a felon in possession of a firearm. (Doc. # 16).  Holter was informed of the maximum and mandatory minimum penalties that applied and his constitutional rights.  He indicated that he understood all of the information provided to him and that he wished to enter a plea of guilty.  The Court examined the defendant and found that he was competent to proceed.  Whereupon he entered a plea of guilty.  The Court found that the plea was freely and voluntarily made and accepted the plea.  Id.

On July 5, 2005 Holter was sentenced to a term of 180 months to be followed by three years of supervised release.

Holter has filed a petition with the Court asserting (1) that his conviction violates the 2nd Amendment to the United States Constitution as elucidated in District of Columbia v. Heller, ___ U.S. ___, 128 S.Ct. 2783 (2008); (2) that his conviction violates the Equal Protection Clause of the United States Constitution; and (3) that he should have been prosecuted under state law

because none of the conduct that he engaged impacted interstate commerce.

## II. DISCUSSION

Each of the arguments raised by Holter have been recently addressed by the United States Court of Appeals for the Eighth Circuit. In United States v. Irish, 285 Fed. Appx. 326, 2008 WL 2917818 (8th Cir. 2008), the court stated:

> First, the Second Amendment does not bar laws prohibiting **felons** from **possessing** firearms. *See, District of Columbia v. Heller* ___ U.S. ___, 128 S.Ct. 2783, 2816-17, 171 L. Ed.2d 637 (2008). Second, Congress did not exceed its authority or violate the Commerce Clause when it enacted Section 922(g). *See, United States v. Hill*, 386 F. 3d 855, 859 (8th Cir. 2002). Third, general federal laws like section 922(g) apply nationwide. *See, Lewis v. United States*, 523 U.S. 155, 171, 118 S.Ct. 1135, 140 L.Ed.2d 271 (1998). Last, the required nexus between a firearm and commerce is established by showing that the firearm at one time traveled in interstate commerce. *See, United States v. Leathers*, 354 F.3d 955, 959 (8th Cir. 2004).

Id. (emphasis in original). It is apparent under the rule in Irish that Holter's argument must fail as to challenges based on the Second Amendment, Commerce Clause, Equal Protection and the Interstate Commerce Clause.

Holter's claim that he should have been prosecuted under North Dakota law is likewise devoid of merit. The separate sovereigns doctrine specifically allows for prosecution of criminal conduct by the federal government even if the underlying conduct is also prosecutable by a states. See, Heath v. Alabama, 474 U.S. 82, 88 (1985).

## III. DECISION

For the foregoing reasons, Holter's Motion to Vacate Sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is hereby **DISMISSED** with prejudice.

The Court certifies that an appeal from the dismissal of this action may not be taken in *forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith.

See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).  Furthermore, the Court finds that Holter has failed to make a substantial showing of the denial of a constitutional right, and the issues presented in this case are inadequate to deserve further consideration.  See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).  Therefore, the Court will not issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2008.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court